BOWMAN v. BAILEY.

Real estate was purchased by A. and B., partners in a mercantile business, for partnership purposes; A. sold his interest to B., but made no deed, and subsequently they both signed a deed conveying the land to a stranger. Afterwards B. died. *Held,* that his widow was entitled to dower in the one-half interest held by B. under the deed to A. and B., but not in the other half, to which B. never had a legal title.

Before ALDRICH, J., Greenville, April, 1882.

The case is thus stated in the decree of Mr. Douthit, Probate judge, filed January 21st, 1881 :

This is a case in which the petitioner claims dower as the widow of William Bowman, deceased, in lands which were conveyed to Simeon Hughes and William Bowman, and which were purchased by them for the purpose of erecting a storehouse to carry on the mercantile business, and was paid for out of the partnership funds. They did erect a building thereon for said purpose, and it was used by them for the purpose of carrying on said business for several months. Hughes then sold his half interest in said property to Bowman with the understanding between them that Bowman was to sell it to Wm. C. Bailey, the defendant herein. Bowman settled with Hughes for his interest in said property, but he did not take a deed for the same, but he and Hughes, as the firm of Hughes & Bowman, conveyed said property to the said Bailey. This was done a few days before they made their final settlement with each other, at which time the said firm was insolvent.

These being the facts, the court is of opinion and so decides:

I. That as the property was paid for, held and used by the said Hughes and Bowman as partners in trade, that it was partnership property.

II. That though said Hughes did sell his interest in the same to Bowman, and was paid for the same by him, that this could not affect Bailey, as there is no evidence going to show that he (Bailey) had any knowledge of such sale.

III. That the petitioner is not entitled to dower in the whole of said property, as her husband, the said Bowman, was never seized of one-half the same, but simply had an equitable title thereto, of which the defendant herein had no knowledge.

IV. That the petitioner is entitled to dower in one-half of said property, as it passed out of the partnership to a stranger, who was not privy to the trust, but holds the property discharged thereof.

It is therefore ordered, adjudged and decreed, that a writ for the admeasurement of dower do issue from this court, &c.

This decree was confirmed by the Circuit Court, and both parties appealed.

*Mr. L. K. Clyde*, for demandant.

The deed to Hughes & Bowman made no reference to a partnership, but was to them as joint tenants—dower then attached, and no act or declaration of the husband could defeat it. 11 *Rich.* 423 ; 6 *Ibid.* 269 ; 12 *S. C.* 465.   Evidence that it was partnership property was therefore improperly received.   1 *Bay* 451.  The widow then unquestionably had dower in half the land. 2 *Strobh.* 70.   She is also entitled to dower in the whole land. His equitable title to the half purchased from Hughes became merged in the legal title he already held.   *Ibid.*  See, too, 2 *Bl. Com.* 131 ; 2 *Story Eq. Jur.*, § 1212 ; 1 *Wms. Ex.* 581.  Bailey's ignorance is no defense.   5 *S. C.* 275 ; 17 *Id.* 563.   If partnership property, it ceased to be so when Hughes sold to Bowman. Before that, creditors of the firm might have subjected it as personalty to the payment of their claims, but not afterwards. The widow therefore is dowable of this land.  *Pars. Partn.* 386.

*Mr. George Westmoreland*, for defendant.

The evidence said to be incompetent was received without objection, but it was competent. *Pars. Partn.* 364; 2 *Kent Com.* 39; *Lind. Part.* 193. As to Hughes' half, Bowman had neither title nor possession, and in that half there could be no dower even if they were joint tenants. *Washb. Real Prop.* 216. But she is not entitled to dower even in one-half. This was partnership property. *Pars. Partn.* 364; 3 *Kent Com.* 39; *Story Part.* 135; *Washb. Real Prop.* 200; *Harp. Eq.* 25. A widow has no dower in partnership property. 2 *Desaus.* 472. There is a vast difference between a partnership and a joint tenancy. *Story Part.*, § 90; *Lind. Part.* 207; *Pars. Partn.* 2; *Freem. Co-ten. & P.*, § 111; 3 *Kent* 37. Hence act of 1853, 5 *Stat.* 113, and *Reed* v. *Kennedy*, 2 *Strobh.* 67, do not apply here. See further on nature of partnership property, *Pars. Partn.* 383, 385; 20 *Beav.* 442; 15 *Gratt.* 11; 54 *Ill.* 281; 44 *Miss.* 406; 12 *N. J. Eq.* 31; 21 *Pa. St.* 257; 71 *Id.* 488; 3 *Kent* 39. If firm is insolvent, the dower is gone. 1 *Ohio* 244; 20 *Mo.* 174. Here the firm was insolvent, and the land sold probably to pay debts. 63 *Ill.* 540; 86 *Id.* 286; 20 *N. J. Eq.* 288; 30 *Id.* 415; 2 *Rich.* 541; *Harp. Eq.* 25. See particularly 65 *Mo.* 138. The citation from *Pars. Partn.* 386, is not from the text, but from a note, citing 7 *How.* (*Miss.*) 437, which was a case of tenancy in common.

March 13th, 1884. The opinion of the court was delivered by

Mr. Justice McIver. In this case, the petitioner, by proceedings originally instituted in the Court of Probate, and carried thence, by appeal, to the Court of Common Pleas, demanded dower in a certain tract of land of which, as she alleged, her husband had been seized during coverture, and had in his life-time conveyed to the defendant. It seems that the land in question was conveyed by one Shumate to Simeon Hughes and William Bowman (the husband of petitioner); that Hughes and Bowman were partners in a mercantile business; that the land was bought as a site for a store which was erected thereon, and was paid for with partnership money.

Some time afterwards Bowman bought out Hughes' interest in the land and settled with him for it, but took no deed, with the understanding that Bowman was to sell the property to the defendant, Bailey. Something was said by Hughes to Bowman about making him a deed for his interest, but Bowman said it was not necessary as they could unite in the deed to Bailey, which was done.

The Probate judge held that the petitioner was entitled to dower in one-half, but not in the other half of the land, and from his decree both parties appealed to the Circuit Court, which affirmed the decree of the Court of Probate. This appeal now comes up from the Circuit Court, in which both parties allege error; the petitioner, because she was not allowed dower in the whole of the land; and the defendant, because there was no right of dower in any portion of the land.

The conclusion reached by the Circuit judge is so fully sustained by the case of *Reed* v. *Kennedy*, 2 *Strobh.* 67, which is so much like this case as to be almost identical with it, that it is scarcely necessary for us to do more than refer to that case. In that case, as in this, the land was conveyed to two persons who were copartners in a mercantile business, and paid for with the partnership funds. After the dissolution of the partnership the husband of demandant conveyed his interest to his copartner, under whom the defendant claimed, and it was held that the widow was entitled to dower in the one-half of which her deceased husband had been seized. As is said in 1 *Washb. Real Prop., Book I., Chap. VII.*, § 2, ¶ 12: "Whether the widow of a deceased partner shall be entitled to dower in lands purchased and held by the partners, has been frequently discussed, and it is not easy to reconcile all the cases, especially the early ones, with the law as now understood, nor will it be attempted here. Though it may sometimes depend upon the character which the parties intended to give to lands held by them for their joint and mutual benefit, yet it may be laid down as a general proposition, that, if real estate is purchased by two or more parties, and paid for out of partnership funds, and held for partnership purposes, it will be regarded in law as held by the several partners as tenants in common, yet, in equity, it

is so far regarded in the light of personalty as to be subject, under an implied trust, to be sold and applied, if necessary, for the payment of the partnership debts. Nor can the widow of one of such partners claim dower out of any part of such estate, except such as may not be required for the payment of the partnership debts. Of that she may claim her dower both at law and in equity." In this case the partnership creditors are not before the court making any claim, and, therefore, it is not necessary to consider or determine the question whether partnership creditors may not, in equity, subject real estate bought with the partnership funds to the payment of their debts, in derogation of the widow's right of dower. Here the controversy is between the widow and a purchaser from her deceased husband, and we think that she is entitled to dower in one-half, the interest of her deceased husband, in the land in question.

The remaining inquiry is, whether the fact that the husband had bought and paid for the interest of the other joint owner, but had taken no deed therefor, entitles her to claim dower in the other half also. We do not think so. Seizin of the husband during coverture is essential, and here the husband was never seized. He at most only had a right, in equity, to compel a conveyance from his joint owner for his interest, and this he never did, and never even took any steps towards doing. On the contrary, he declined to take a conveyance when offered, for the reason, doubtless, that he was about to sell to defendant, and it would be more convenient and less expensive to make one, rather than two deeds. Under these circumstances, we do not see that the husband ever had any such seizin, even in equity, as would entitle his widow to claim dower in the half which was never conveyed to him, but which, at his instance, was conveyed directly to the defendant. See the cases cited in 1 *Washb. Real Prop., Book I., Chap. VII.,* § 3, ¶ 13 *and* 14.

The judgment of this court is that the judgment of the Circuit Court be affirmed.